# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT GREENEVILLE

JOHN VANCE BOWERS,       )
                                           )

        Plaintiff,        )
                                           )

v.                               )     No.    2:21-CV-155-DCLC-CRW
                                         )

JEFF CASSIDY, CHRISTY FRAZIER,  )
and MARTHA PARKER,        )
                                         )

        Defendants.     )

## MEMORANDUM OPINION

Plaintiff, a prisoner in the Sullivan County Detention Center, has filed a pro se complaint for violation of 42 U.S.C. § 1983 arising out of his allegation that Defendants have denied him a certain diet and/or medical care during his incarceration [Doc. 1] that is now before the Court for screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. For the reasons set forth below, Plaintiff's complaint will be dismissed because it fails to state a claim upon which relief may be granted under § 1983.

## I.     SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive

an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

## II.     COMPLAINT ALLEGATIONS

Plaintiff alleges that in April, presumably of 2021, he "became ill . . . with severe [a]bdominal [p]ain" and was "reg[u]rgitati[ng] [] [his] food" when he was lying down [Doc. 1, p. 4]. After he filled out a sick call request, Defendant Nurse Parker saw Plaintiff, stated that "[he] was suffering from [i]rritable [b]owels," placed him on two medications, and sent him for x-rays and bloodwork [*Id.*]. However, at the end of May, after two weeks with no change, Plaintiff filled out a new sick call request, at which point Defendant Nurse Parker "placed [him] on a C[]rohn's diet" [*Id.*]. But Plaintiff got worse, could hardly walk, and therefore asked to see a doctor [*Id.*].

Defendant Nurse Parker then told Plaintiff that he may have diverticulitis caused by processed meat [*Id.*]. And as the jail was feeding inmates hot dogs four times per week, Plaintiff was hurting [*Id.* at 4–5]. Accordingly, in the middle of June, Defendant Nurse Parker either "change[d] the hot dog[] or put [an] order [in for] no [h]ot dogs" and gave Plaintiff three antibiotics

to treat his infection [*Id.* at 4–5]. Initially, the kitchen just took the hot dog off Plaintiff's tray, but around the first of July, he started receiving a beef patty to replace the hot dog [*Id.* at 5]. Plaintiff began to feel better, told Defendant Nurse Parker this, and asked her for a list of foods he could eat [*Id.*]. But Plaintiff never received such a list, and at one point he ate a moon pie, which caused him great pain and led him to believe that food was causing his pain [*Id.*].

Then, in the beginning of August, Defendant Nurse Frazier changed Plaintiff's diet and explained this change by telling Plaintiff that the hot dogs do not have casein, a milk based protein, in them as they are made of turkey [*Id.*]. However, according to Plaintiff, it is the fact that the hot dogs swell when they get hot that causes his health issues, not the casein [*Id.*]. Plaintiff has filed numerous sick calls because of his pain and wants to see a specialist as his issue because it "could be life threatening." But he alleges that Defendant Nurse Parker told him that she cannot change his diet or send him to a specialist, that Defendant Nurse Frazier changed his diet because other inmates asked for it, and that Plaintiff is not special and can eat what everyone else eats [*Id.* at 5–6].

In addition to his sick call requests, Plaintiff has filed requests with a jail lieutenant and the kitchen staff, but no one answers, and he is in his bed in serious pain twenty hours a day but cannot get help [*Id.* at 6]. And, according to Plaintiff, Defendant Sheriff Cassidy's job is "to see that everyone has the healthcare and food that they need to live" while in the jail [*Id.*].

Plaintiff has sued Nurse Parker, Nurse Frazier, and Sheriff Cassidy and requests "relief from this cruel and unusual punishment," seven and a half million dollars, and immediate medical attention [*Id.* at 1, 7].

## III.    ANALYSIS

First, Plaintiff's complaint does not allow the Court to plausibly infer that Defendant

3

Sheriff Cassidy was personally involved in any violation of his constitutional rights, and it therefore fails to state a claim upon which relief may be granted as to this Defendant. Constitutional liability does not attach to a supervisor or superior based solely on his or her position of authority. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2002) (noting that "our precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior"). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983). The Sixth Circuit has explained:

> At minimum a plaintiff must show that a supervisory official at least implicitly authorized, approved[,] or knowingly acquiesced in the unconstitutional conduct of the offending subordinate. The supervisor need not have known of the substantial risk to the injured party but rather must have possessed knowledge of potential danger to a particular class of persons.

*Troutman v. Louisville Metro Dep't of Corrs.*, 979 F.3d 472, 487-88 (6th Cir. 2020) (internal quotation marks and citations omitted). Thus, as Plaintiff has not set forth any facts suggesting that Defendant Cassidy (1) was personally involved in any of the incidents in his complaint or (2) had any knowledge of potential danger to Plaintiff, his complaint fails to state a claim upon which relief may be granted under § 1983 as to this Defendant.

Plaintiff also has not set forth facts from which the Court can plausibly infer that Defendant Nurse Parker or Defendant Nurse Frazier has failed to provide him with adequate medical care. The United States Constitution does not guarantee a prisoner "unqualified access to healthcare." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). However, the denial of constitutionally adequate medical care violates the Eighth Amendment's prohibition against cruel and unusual punishment,

4

which proscribes acts or omissions that produce an "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). An Eighth Amendment claim for the denial of adequate medical treatment has two parts: (1) an objective component, which requires a plaintiff to show a "sufficiently serious" medical need; and (2) a subjective component, which requires the plaintiff to show the defendants acted with "deliberate indifference" to that need. *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994). Negligence is insufficient to establish liability for an Eighth Amendment claim, as deliberate indifference requires a mental state amounting to criminal recklessness. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (citing *Farmer*, 511 U.S. at 834, 839-40). Rather, to show deliberate indifference, a prisoner must demonstrate that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Allegations that a prisoner did not receive the medical treatment he wanted or received a misdiagnosis do not state a claim for violation of the Eighth Amendment. *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) (holding that "[a] patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983"); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997) (finding "misdiagnoses, negligence, and malpractice" are not "tantamount to deliberate indifference"). As the Supreme Court has explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle v. Gamble*, 429 U.S. 97, 105–6 (1976) (internal quotation marks omitted).

Thus, where the prisoner received medical care, his disagreement with the adequacy of that care generally does not rise to the level of a constitutional violation. *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1996). This is because "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'" *Id.* Thus, to state a constitutional claim, the prisoner's medical treatment must be "so woefully inadequate as to amount to no treatment at all." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2001).

As set forth above, the complaint asserts that, in response to Plaintiff's medical complaints, Defendant Nurse Parker put him on two medications, sent him for x-rays and bloodwork, and ultimately provided him with a diet under which he received a hamburger patty instead of a hot dog for approximately six weeks. This diet helped Plaintiff's medical issues, but Defendant Nurse Frazier later determined that he could stomach the jail hot dogs because they were made of turkey and did not have casein. While Plaintiff states that Defendant Nurse Parker told him that Defendant Nurse Frazier took away the special diet because other inmates asked for it, Defendant Nurse Frazier told Plaintiff that the change was because Plaintiff could eat the hot dogs. It is apparent from the complaint that Defendant Nurse Parker agreed. Thus, the Court cannot plausibly infer from the complaint that this decision was due to deliberate indifference to an excessive risk to Plaintiff's health, rather than a sincere belief that Plaintiff does not need the diet. And, the fact that no body probably should be eating the hot dogs is not the issue as much as whether serving hot dogs to Plaintiff constitutes deliberate indifference. To be frank, he has not plead that it does.

Moreover, while Plaintiff states that he wants to see a specialist and has filed multiple sick call requests about his pain, he does not state that any named Defendant has failed to see him for his sick call requests, nor does he set forth any other facts from which the Court can plausibly infer

that any Defendant has deliberately provided him inadequate medical attention.[1]

As such, Plaintiff has failed to "nudge[] [his claims] across the line from conceivable to plausible" as to Defendants Nurse Parker and Nurse Frazier. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## IV. CONCLUSION

For the reasons set forth above:

1. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

2. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

3. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**

s/Clifton L. Corker
United States District Judge

---

[1] And while Plaintiff also states that he has written to a jail lieutenant and kitchen staff about this issue but no one will write him back, he has not sued any of these individuals.

7